IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MATTIE BRIGHT, as Guardian and
Next Kin of Her Daughter, Jane Doe                                                            PLAINTIFF

V.                                                     CIVIL ACTION NO. 3:15CV00149-NBB-JMV

TUNICA COUNTY SCHOOL DISTRICT;
MILTON HARDRICT, Principal, in His
Official and Individual Capacities; and
STANLEY ELLIS, Assistant Principal and
Title IX Coordinator, in his Official and
Individual Capacities                                                                        DEFENDANTS

**MEMORANDUM OPINION**

This cause comes before the court upon the plaintiff's motion to dismiss without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). The defendants oppose the motion and request that the case be dismissed *with* prejudice. Upon due consideration of the motion, response, exhibits, and applicable authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Mattie Bright, alleges that her daughter, "Jane Doe," was a fifteen year old freshman at Rosa Fort High School in Tunica County, Mississippi, when, on November 3, 2014, at approximately 1:00 p.m., a male student came to her classroom and requested that her teacher, Brittany Brown,[1] allow Doe to accompany him to another area of the school. Brown allegedly allowed Doe, a student receiving Special Education Services, to leave the classroom with the male student who then escorted her to the school's computer lab where the plaintiff alleges Doe

---

[1] Brown and Bernard Stephen Chandler, Superintendent, were dismissed from this action without prejudice on May 2, 2016, based on the plaintiff's failure to effect proper service within the time allowed by Fed. R. Civ. P. 4(m).

was violently and forcibly sexually assaulted by three male students. Doe immediately notified the principal, defendant Milton Hardrict, of the assault. Hardrict interviewed Doe and then called her parents to the school. The plaintiff alleges that the principal then instructed the custodial staff to clean the area in the computer lab where the sexual assault had occurred. According to the plaintiff, only after the computer lab was cleaned did the principal call the Tunica County Sheriff's Department and emergency medical services. The sheriff's department conducted an investigation, collected evidence, and took Doe's three attackers into custody. The plaintiff alleges Doe was taken to a hospital where a "rape kit" was performed, and the medical findings were consistent with rape.

All three attackers allegedly returned to school within two school days after Doe's assault, and one attacker continued to ride the same school bus as Doe for the following three months. The plaintiff alleges that it was not until late February 2015, after the media exposed Doe's rape, that the alleged attackers were placed in alternative school, which is located on the same campus as Doe's high school. The plaintiff asserts that Doe was verbally harassed and frightened by her attackers and their friends throughout the rest of the 2014-2015 school year. The plaintiff alleges she reported the continuing harassment to school officials on at least three separate occasions after Doe's rape, but the officials made no changes to the educational environment and took no remedial measures.

The plaintiff filed the present action on August 28, 2015, against Tunica County School District, Hardrict, and the District's Assistant Superintendent and Title IX Coordinator, Stanley Ellis, asserting claims pursuant to Title IX of the Education Amendments of 1972, as amended, 20 U.S.C. §§ 1681-1688, as well as Section 1983. As mentioned above, Jane Doe's teacher,

Brittany Brown, and the District's Superintendent, Bernard Stephen Chandler, were also sued but have been dismissed without prejudice for the plaintiff's failure to effect timely service.

In lieu of an answer, the properly served defendants filed motions to dismiss on October 25, 2015, and November 4, 2015. The plaintiff asserts that her attorney contacted counsel for defendants on November 18, 2015, to request that she join an agreed stipulation to dismiss plaintiff's claims without prejudice. The defendants' counsel declined and later the same day amended the defendants' motions to dismiss to include motions for summary judgment. The plaintiff has now moved to dismiss her complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

## Standard of Review

It is axiomatic that "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "The primary purpose of Rule 41(a)(2) is to 'prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" *Id.* (citing 9 C. Wright & A. Miller, Federal Practice and Procedure § 2364, at 165 (1971)). Thus, in ruling on a Rule 41(a)(2) motion for voluntary dismissal, the court should first determine whether a dismissal will cause the defendant to suffer plain legal prejudice. *Id.* If it will not, the court should grant the motion. *Id.* If a dismissal will cause prejudice to the defendant, the court may deny the motion outright or craft conditions that will cure any prejudice. *Id.* at 317-18.

Analysis

The defendants assert that they will suffer plain legal prejudice if the court grants the plaintiff's motion for voluntary dismissal primarily because they will be stripped of the defense of Eleventh Amendment immunity from suit under 42 U.S.C. § 1983. The Fifth Circuit has held that plain legal prejudice does indeed occur when the grant of a motion for voluntary dismissal strips the defendant of an otherwise available defense. *Essex Ins. Co. v. Massey Land & Timber, LLC*, No. 5:04CV102-DCB-JMR, 2007 WL 571027, at *1 (S.D. Miss. Feb. 20, 2007) (citing *Elbaor*, 279 F.3d at 318-19).

The defendants argue that a voluntary dismissal of this action without prejudice will strip them of an Eleventh Amendment immunity defense because such a defense will not be available to them if the plaintiff re-files her action in state court. They argue that defendant Tunica County School District and Hardrict and Ellis in their official capacities should be afforded Eleventh Amendment immunity because the district has been "taken over" by the State Department of Education and is now an "arm of the state." While the governor has declared a state of emergency in the Tunica County School District and has appointed a conservator pursuant to Miss. Code Ann. § 37-17-6 and -13, the court is unconvinced, in the absence of any binding authority directly on point, that a school district under conservatorship becomes an arm of the state for Eleventh Amendment immunity purposes. The court has examined the factors set forth in *McDonald v. Bd. of Miss. Levee Comm'rs*, 832 F.2d 901 (5th Cir. 1987),[2] and does not

---

[2] To determine whether a particular entity is an arm of the state, the court looks to a number of factors, including:

(1) whether state statutes and case law characterize the agency as an arm of the state; (2) the source of funds for the entity; (3) the degree of local autonomy the entity enjoys; (4) whether the entity is concerned primarily with local, as opposed to statewide,

find that the circumstances in Tunica County operate to transform the school district from a local entity which may be sued under Section 1983 to an arm of the state which is entitled to immunity under the Eleventh Amendment. Further, the events giving rise to this action occurred prior to the State Department of Education's intervention with the school district, and the defendants have cited no authority for the proposition that the Eleventh Amendment immunity they assert would be retroactive – even if applicable at all. Because Eleventh Amendment immunity is not a viable defense available to the defendants, the court finds that the defendants will not suffer plain legal prejudice in this regard from a grant of the plaintiff's motion to dismiss without prejudice.

The court also takes into consideration that no discovery has taken place in this case and that no substantial costs should have been incurred by the defendants at this point. While the defendants filed motions to dismiss early in the litigation, the court will not consider any costs incurred in doing so since the filing of motions to dismiss do not preclude the plaintiff from dismissing the action of her own accord without the court's permission pursuant to Rule 41(a)(1). "Regardless of the amount of effort a defendant expends in preparing their motion to dismiss, defendants who desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under Rule 41(a)(1) may do so by taking the simple step of filing an answer." *Taylor v. Carl E. Woodward, LLC*, No. 11-3176, 2012 WL 3901627, at *3 (E.D. La. Sept. 7, 2012) (quoting *Carter v. U.S.*, 547 F.2d 258, 259 (5th. Cir. 1977)). The defendants later amended these motions to dismiss to include motions for summary judgment and subsequently

---

problems; (5) whether the entity has authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property.

*McDonald*, 832 F.2d at 906.

re-filed them, but the alterations, and presumably the expenses involved, were minimal.  This effort therefore has no bearing on the court's decision.

## Conclusion

The court finds that the defendants will not suffer plain legal prejudice if the plaintiff is allowed to dismiss her claims pursuant to Fed. R. Civ. P. 41(a)(2).  The plaintiff's motion is well taken and will be granted.  A separate order in accord with this opinion shall issue this day.

This, the 25th day of July, 2016.

    /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**